LYONS, Justice
(concurring specially).
Phillip and Debra Junkin sued Orkin Exterminating Co., Inc., in the Tuscaloosa Circuit Court on August 10, 2001. Phillip is a member of a class of Orkin customers certified by the Houston Circuit Court on November 17, 1997, in an action styled Cutler v. Orkin Exterminating Co., case no. CV-96-184. In its order certifying a class, the trial court in Cutler narrowed the scope of the action to claims alleging economic loss only. The trial court ordered that notice of the right to decline to participate in the class action by opting out be given to all class members by mail and publication.
The JunMns’ separate action against Or-kin in the Tuscaloosa Circuit Court seeks compensatory and punitive damages arising out of the same relationship with Or-kin. The scope of relief claimed in this proceeding goes far beyond the economic-loss claims to which the Cutler litigation has been confined.
Orkin filed a motion for abatement of the Tuscaloosa County action, relying upon § 6-5-440, Ala. Code 1975, which provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
The trial court denied the motion. Orkin has filed a petition for a writ of mandamus directing the trial court to abate those proceedings.
Orkin has not made a copy of the notice mailed to members of the class in Cutler a part of the materials in this proceeding. According to the materials before us, Phillip was mailed a copy of the notice, and notice was also given by publication. We also do not have before us any specimens of the published notice. I am constrained to concur to deny the petition as to Phillip because Orkin has failed to show that it has a clear legal right to the extraordinary writ. See Ex parte Maxwell, 812 So.2d 333, 334-35 (Ala.2001).
Without the materials dealing with the notice before us, we are left to speculate as to the content of the notice. While it is unlikely that the notice deviated from the requirements set forth by the trial court and that Orkin overlooked the discrepancy, the writ would lose its extraordinary status if we accommodated petitioners by making favorable assumptions about the content of critical documents not before us.
I also concur to deny the petition as to Debra. We have no basis on which to conclude that she was mailed a copy of the notice, nor do we know the contents of any publication she might have seen.
I express no opinion concerning the propriety of the trial court’s order denying Orkin’s motion for abatement of the Tusca *576 loosa County action based upon § 6-5-440, Ala.Code 1975.
JOHNSTONE, J., concurs.